UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THE COURTYARD COUNCIL OF CO-OWNERS, INC. | § § § | |
| v. | § § | CIVIL ACTION NO. 2:19-cv-00290 |
| | § | JURY DEMANDED |
| ROCKHILL INSURANCE COMPANY and UNDERWRITERS AT LLOYD'S, LONDON | § § § | |

**DEFENDANT ROCKHILL INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant Rockhill Insurance Company ("Defendant" or "Rockhill") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

## I. NATURE OF THE SUIT

1. This lawsuit arises from a claim made by Plaintiff under a commercial property insurance policy issued by the defendants to Plaintiff. Plaintiff filed this lawsuit alleging, breach of contract, breach of warranty, misrepresentation, unspecified violations of Texas Insurance Code, and unspecified violations of the Texas DTPA, enhanced statutory damages, and attorney fees.

## II. PROCEDURAL BACKGROUND

2. On September 16, 2019, Plaintiff filed an Original Petition initiating an action against the defendants in the 117th Judicial District Court of Nueces County, Texas, bearing Cause No. 2019DCV-4651-B ("the State Court Action"). *See* **generally Exhibit D.** A jury demand was made in the State Court Action. *See* **Exhibit D at XII.**

3. Rockhill was served with the Original Petition in the State Court Action via certified mail to its General Counsel on September 25, 2019.

4. This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days after Rockhill's receipt of service of process.

5. This Notice of Removal is also timely filed within one year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(c)(1).

## III.  BASIS FOR REMOVAL

6. This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. **Plaintiff is a Texas citizen**. Plaintiff made no allegation in the State Court Action regarding its citizenship. However, public records show that Plaintiff is a corporation incorporated in Texas with its principal place of business in Port Aransas, Texas, and thus Plaintiff is a citizen of Texas for diversity purposes.

8. **Defendant Rockhill is not a Texas citizen.**  Rockhill is incorporated in Arizona and has its principal place of business in Columbus, Ohio.  Therefore, Rockhill is a citizen of Ohio and Arizona for purposes of diversity jurisdiction.  Therefore, complete diversity exists between the properly served and joined parties.

9. **Unserved defendant Underwriters at Lloyds, London.**  The unserved defendant Underwriters at Lloyd's London is not "properly joined and served" within the meaning of 28 U.S.C. §1441(b)(2), and therefore is not considered for purposes of determining diversity. Likewise, the unserved defendant's consent is not required because it is not "properly joined and served" within the meaning of 28 U.S.C. § 1446(b)(2)(A).

10. **The amount in controversy exceeds $75,000.** Plaintiff's Original Petition expressly asserts that the value of the allegedly covered property damage exceeds $1 million. *See* **Exhibit D** at V., "Facts." Therefore, the total amount in controversy facially exceeds $75,000, this Court has subject-matter jurisdiction under 28 U.S.C. §1332, and this removal is proper.

11. Removal to the Southern District of Texas, Corpus Christi Division is proper because the state court action is pending in Nueces County, which is part of the Southern District. Venue is proper in any division of the Southern District.[1]

12. In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, Defendant has filed with this Notice of Removal (a) all executed process, (b) all pleadings asserting causes of action, (c) all orders signed by the state court judge, (d) the state court docket sheet, (e) an index of matters being filed, and (f) a list of counsel of record and the parties represented. **See attached Exhibits A-E.** In compliance with Local Rule 81, which requires that *only* the listed documents be attached, Defendant has not attached any other documents to this Notice of Removal. Defendant will separately file any Corporate Disclosure which may be required in compliance with FED. R. CIV. P. 7.1.

13. In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

---

[1] *United States v. Real Prop. Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 658 (5th Cir. 2014) *(*quoting *Says v. M/V DAVID C DEVALL,* 161 F.Supp.2d 752, 753 (S.D. Tex. 2001)) ("28 U.S.C. § 1391 speaks in terms of *districts not divisions* .... Thus, if venue is proper in the Houston Division of the Southern District of Texas it is *ipso facto* proper in the Galveston Division—as well as in the Divisions of Corpus Christi, Victoria, Brownsville, McAllen and Laredo.") *See also Olivarez v. GEO Group, Inc.*, EP-14-CV-00436-FM, 2015 WL 13227823, at *3 (W.D. Tex. Feb. 12, 2015) (unpub. op.); *McPherson v. Leam Drilling Sys., LLC*, 2:14-CV-00113, 2014 WL 4063983, at *3 (S.D. Tex. Aug. 15, 2014) (unpub. op.).

## IV. CONCLUSION AND PRAYER

14. The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because Plaintiff is a citizen of Texas and Rockhill, the only properly served and joined defendant, is a citizen of Ohio and Arizona. For the reasons stated in this Notice, the Court may exercise diversity jurisdiction over this lawsuit. The amount in controversy stated in Plaintiffs Original Petition facially exceeds $75,000, exclusive of interest and costs. As such, this removal is proper under 28 U.S.C. §1441. On these grounds, Defendant hereby removes the referenced State Court Action to this Court.

15. Defendant demands a jury in this removed action.

16. THEREFORE, Defendant Rockhill Insurance Company respectfully requests that the above-entitled action be removed from the 117th District Court of Nueces County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.

By: */s/Christopher W. Martin*
    Christopher W. Martin
    State Bar No: 13057620
    Federal I.D. No. 13515
    E-Mail: martin@mdjwlaw.com
    Niels Esperson Building
    808 Travis, Suite 1100
    Houston, Texas 77002
    Telephone: (713) 632-1701
    Facsimile: (713) 222-0101

**ATTORNEY-IN-CHARGE FOR DEFENDANT ROCKHILL INSURANCE COMPANY**

**Of Counsel:**

Sheryl Kao
State Bar No. 24036874
Federal I.D. No. 4561738
E-Mail: kao@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, LLP
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
Telephone: (214) 420-5500
Facsimile: (214) 420-5501


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel in accordance with the Federal Rules of Civil Procedure on October 4, 2019.

Thomas M. Furlow
Furlow Law Firm, PLLC
1032 Central Parkway South
Email: tfurlow@furlowlawfirm.com

*/s/ Sheryl Kao*
Sheryl Kao