

Citation for Personal Service –**NON-RESIDENT NOTICE (CERTIFIED MAIL)**

Case Number: **2019DCV-4651-B**

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: **Rockhill Insurance Company**
**General Counsel**
**700 W 47th Street Ste 350**
**Kansas City, Missouri 64112**
the Defendant,

GREETING: You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Demand For Jury And Rule 194 Requests For Disclosure** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Sandra L. Watts**, **117th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Petition was filed on the 16th day of September, 2019. A copy of same accompanies this citation. The file number of said suit being Number: **2019DCV-4651-B**

The style of the case is: **The Courtyard Council Of Co-Owners, Inc. vs. Rockhill Insurance Company, Underwriters At Lloyds, London**

Said Petition was filed in said court by **Thomas M. Furlow**, attorney for Plaintiff, whose address is 1032 Central Parkway South San Antonio Tx 78232 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 25th day of September, 2019.



**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _Nicole Alvarado_ , Deputy
Nicole Alvarado

**EXHIBIT D**

# RETURN OF SERVICE

2019DCV-4651-B

**THE COURTYARD COUNCIL OF CO-OWNERS, INC.
VS.
ROCKHILL INSURANCE COMPANY, UNDERWRITERS AT LLOYDS, LONDON**

117TH DISTRICT COURT

Name _____

**ADDRESS FOR SERVICE**
Rockhill Insurance Company
General Counsel
700 W 47th Street Ste 350
Kansas City MO 64112

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20____, at _____ o'clock ___ m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____ _____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|
|  |  |  |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

| Fees: |  |  |  |
|---|---|---|---|
|  |  | _____, | Officer |
| Serving Petition and Copy | $_____ | _____, | County, Texas |
| Total | $_____ | By _____, | Deputy |

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
          (First, Middle, Last)
address is _____
          (Street, City, State, Zip, Country)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____, 20____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

Filed
9/16/2019 3:29 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019DCV-4651-B

| | | |
|---|---|---|
| THE COURTYARD COUNCIL OF CO-OWNERS, INC. | § § § | IN THE DISTRICT COURT OF |
| Plaintiff | § § | |
| v. | § § | NUECES COUNTY, TEXAS |
| ROCKHILL INSURANCE COMPANY And UNDERWRITERS at LLOYD'S, LONDON | § § § § § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, DEMAND FOR JURY and RULE 194 REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, THE COURTYARD COUNCIL OF CO-OWNERS, INC., files this Original Petition against Defendants, ROCKHILL INSURANCE COMPANY and UNDERWRITERS AT LLOYD'S, LONDON, and for cause of action would respectfully show the Court the following:

## I.
## PARTIES AND RULE 190 DISCOVERY LEVEL

Defendant, **Rockhill Insurance Company**, (hereinafter "Rockhill") is a foreign insurance company doing business in Texas that may be served with process by certified mail, return receipt requested, through its Registered Agent, General Counsel of Rockhill Insurance Company, 700 W. 47th Street, Suite 350, Kansas City, MO 64112.

Defendant, **Underwriters at Lloyd's, London** (hereinafter referred to as "Underwriters at Lloyd's") are foreign and surplus lines insurance carriers and/or third party

administrators doing business in the State of Texas that may be served with process by certified mail, return receipt requested, Hank Watkins, President, 42 W. 54th Street, 14th Floor, New York, NY 10019 through the **Texas Commissioner of Insurance** at: Chief Clerk Office 333 Guadalupe, MC 113-2A, P.O. Box 149104, Austin, Texas 78714-9104 or wherever they may be found.

Plaintiff intends to conduct discovery in this case under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## II.
## AGENCY AND *RESONDEAT SUPERIOR*

Whenever in this petition it is alleged that Defendants, did any act or omission, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees or representatives.

## III.
## JURISDICTION, VENUE and MONETARY RELIEF REQUESTED

This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

Venue is proper in Nueces County, Texas under §15.002(a)(1) of the Texas Civil Practice & Remedy and Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act (hereafter the "DTPA") because the loss at issue to Plaintiff's property occurred in Nueces County, Texas and all or a substantial part of the events or omissions giving rise to the claim occurred in Nueces County, Texas.

Plaintiff is seeking monetary relief over $1,000,000 and demands a judgment for all other relief to which Plaintiff is entitled.

## IV.
## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's right to recover have been fully performed and satisfied. In this respect, the giving of pre-suit notice was impracticable because Plaintiff has a reasonable basis for believing that there is insufficient time to give the pre-suit notice before the limitations period will expire.

## V.

## FACTS

Plaintiff, The Courtyard Council of Co-Owners., Inc, purchased a commercial property insurance policy issued by Defendants, Rockhill and Underwriters at Lloyd's, to insure property located at 622 Access Road 1A, Port Aransas, Nueces County, Texas, against loss caused by a Named Hurricane and damage resulting therefrom. Rockhill's policy/agreement number is CPW001448-00 and Underwriters at Lloyd's policies/agreements are numbered B0429BA1603201/LWH000699 and B0429BA1601148/LWH000699. These policies had a policy period beginning on March 13, 2017 and ending on March13, 2018. Rockhill assigned Plaintiff's claim number as PR-0000000-183806 and Underwriters at Lloyd's assigned Plaintiff's claim number as 913960.

On August 25, 2017, a date that is within the covered policy period of Plaintiff's policy with Defendants, Rockhill and Underwriters at Lloyd's, Hurricane Harvey made landfall on the Texas coast as a Category 4 major Named Hurricane. The National Weather Service estimated wind gusts between 119 to 135 miles per hour in the Port Aransas, Texas area. Based on the Saffir-

Simpson Hurricane Wind Scale used by the National Oceanic and Atmospheric Administration winds in this range can cause devasting to catastrophic damage to property. Hurricane Harvey caused extensive devastating and catastrophic damage to Plaintiff's property.

On August 29, 2017, Defendants, Rockhill and Underwriters at Lloyd's, received Plaintiff's notice of claim that Plaintiff's property had been damaged by the winds from Hurricane Harvey. In an October 16, 2017 letter Defendants advised Plaintiff that they had an estimate of $344,386.26 for replacement cost value for damage to Plaintiff's property. On April 27, 2018, in the continued adjustment of Plaintiff's claim, Defendants sent Plaintiff a letter stating that Defendants were sending Plaintiff a payment in the amount of $127,111 towards Plaintiff's business loss claim (this payment was through the end of February, 2018) and that Defendants were also sending Plaintiff a supplemental check in the amount of $27,736.41 towards Plaintiff's wind claim. In a November 7, 2018 letter, Defendants' adjuster, Engle Martin & Associates, informed Plaintiff that they were updating Plaintiff on the claim and informed Plaintiff that Defendants had received a PDF of wind costs in the amount of $514,520.58.

In August of 2019 Plaintiff's retained their own engineer, CASA Engineering, to evaluate the damage Plaintiff's property caused by Hurricane Harvey. In an August 15, 2019 report CASA Engineering, CASA Engineering concluded that as a result of Hurricane Harvey wind damage and wind driven rain through created openings, repairs to the property were necessary and these repairs would be in excess of $1,000,000 (one million dollars).

To date, Defendants, Rockhill and Underwriters at Lloyd's, have failed and refused to pay Plaintiff for the proper and complete repair of the damage to its property caused by Hurricane Harvey.

## VI.

## CAUSES OF ACTION

### A. BREACH OF CONTRACT

The facts contained in the foregoing paragraphs are incorporated herein by reference for Plaintiff's causes of action against Defendants, Rockhill and Underwriters at Lloyd's. According to the insurance policy that Plaintiff purchased from Defendants, Rockhill and Underwriters at Lloyd's. Defendants, Rockhill and Underwriters at Lloyd's had the duty to investigate and pay Plaintiff policy benefits for claims made for property damage caused by hurricane, wind and water. As a result of Hurricane Harvey, Plaintiff's property suffered extensive and devastating property damage. This damage is covered under Plaintiff's insurance policy with Defendants, Rockhill and Underwriters at Lloyd's. Defendants, Rockhill and Underwriters at Lloyd's breached this contractual obligation and the subject insurance policy by, including but not limited to, failing to timely send Plaintiff notification of Defendants, Rockhill's and Underwriters at Lloyd's acceptance or denial of Plaintiff's claims; mishandling the investigation and inspection conducted during the adjustment of Plaintiff's claims; failing to conduct a reasonable investigation; failing to timely send Plaintiff its indemnity payments; wrongfully denying and/or underpaying the Plaintiff's claim and failing to pay Plaintiff policy benefits for the cost to fully and properly repair the damage to Plaintiff's property. As a result of these breaches of contract, Plaintiff suffered the damages that are described in this petition.

### B. VIOLATION OF CHAPTER 542 OF THETEXAS INSURANCE CODE

The facts contained in the foregoing paragraphs are incorporated herein by reference for Plaintiff's causes of action against Defendants, Rockhill and Underwriters at Lloyd's. Defendants',

Rockhill's and Underwriters at Lloyd's', and their adjusters' acts, omissions and failures that are describes in this petition violate Chapter 542 of the Texas Insurance Code. Within 30 days after the receipt of either actual or written notice of Plaintiff's hurricane/windstorm damage these Defendants, Rockhill and Underwriters at Lloyd's, did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for Plaintiff's hurricane/windstorm damage. As a result, Defendants, Rockhill and Underwriters at Lloyds have violated Chapter 542 of the Texas Insurance Code by failing to accept or reject Plaintiff's claim in writing within 51 days after receiving either actual or written notice of Plaintiff's claim. Defendants, Rockhill and Underwriters at Lloyds, have also violated Chapter 542 by failing to pay Plaintiff's claim within 105 days after they received either actual or written notice of the claim or within 75 days after any other applicable statutory period. In the event it is determined that Defendants, Rockhill and Underwriters at Lloyds owe Plaintiff any additional monies, Defendants, Rockhill and Underwriters at Lloyd's have automatically violated Chapter 542 of the Texas Insurance Code.

## C. DTPA Causes of Action

The facts contained in the foregoing paragraphs are incorporated herein by reference and Plaintiff incorporates all the allegations in this petition for these causes of action against Defendants, Rockhill and Underwriters of Lloyd's under the provisions of the DTPA. Plaintiff has met all conditions precedent to bringing these causes of action against Defendants. Specifically, the violations of Defendants, Rockhill and Underwriters of Lloyd's of the DTPA include, without limitation, the following matters:

1) By their acts, omissions, failures and conduct that are described in this petition, Defendants, Rockhill and Underwriters of Lloyd's have violated Sections 17.46 (b) (5), (7), (12) and (20) of the DTPA. In this respect, Defendants, Rockhill and Underwriters

of Lloyd's violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to properly investigate Plaintiff's claim, (3) their hiring of and reliance upon biased adjusters and engineers to obtain favorable result-oriented reports and estimates to assist Defendants, Rockhill and Underwriters of Lloyd's in low-balling Plaintiff's hurricane windstorm damage claim and (4) their failure to pay for the proper repair of Plaintiff's property after their liability had become reasonable clear;

2) As described in this petition Defendants, Rockhill and Underwriters of Lloyd's represented to Plaintiff that their insurance policy and their adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b) (5) of the DTPA;
3) As described in this petition, Defendants Rockhill and Underwriters of Lloyd's represented to Plaintiff that their insurance policy and Rockhill's and Underwriters of Lloyd's adjusting, and investigative services were of a particular standard, quality or grade when they were of another in violation of Section 17.46 (b) (7) of the DTPA;
4) As described in this petition, Defendants Rockhill and Underwriters of Lloyd's represented to Plaintiff that its insurance policy and Rockhill's and Underwriters of Lloyd's adjusting, and investigative services conferred or involved rights, remedies or obligations that it did not have in violation of Section 17.46 (b) (12) of the DTPA;
5) By representing that Defendants Rockhill and Underwriters of Lloyd's would pay to repair the damages caused by windstorm, hurricane and water and then not doing so, Defendants Rockhill and Underwriters of Lloyd's have violated Sections 17.46 (b) (5), (7) and (12) of the DTPA;
6) Defendants Rockhill and Underwriters of Lloyd's have breached an express warranty that the damage caused by Hurricane Harvey would be covered under the subject insurance policy. This breach entitles Plaintiff to recover under Section 17.46 (b) (12) and (20);
7) Defendants Rockhill's and Underwriters of Lloyd's actions as described in this petition are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability and experience to a grossly unfair degree. Defendants Rockhill's and Underwriters of Lloyd's unconscionable conduct gives Plaintiff the right to relief under Section 17.50 (a) (3) of the DTPA; and
8) Defendants Rockhill's and Underwriters of Lloyd's conduct, acts, omissions and failures as described in this petition are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

All of the above described acts, omissions and failures of Defendants Rockhill and Underwriters of Lloyd's are a producing cause of Plaintiff's damages that are described in this petition.

### D. Causes of Action for Unfair Insurance Practices

Plaintiff incorporates all the allegations in this petition for these causes of action against Defendant, Rockhill and Underwriters of Lloyd's under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By their actions, omissions, failures and conduct Defendants, Rockhill and Underwriters of Lloyd's engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants, Rockhill and Underwriters of Lloyd's failure to properly investigate Plaintiff's claim. They also include Defendants, Rockhill's and Underwriters of Lloyd's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and Defendants, Rockhill's and Underwriters of Lloyd's failure to pay for the proper repair of Plaintiff's property on which Defendants', Rockhill's and Underwriters of Lloyd's liability had become reasonably clear. They also include Defendants, Rockhill's and Underwriters of Lloyd's hiring and reliance upon biased adjusters and engineers to obtain favorable result-oriented reports and estimates to assist them in low-balling Plaintiff's Hurricane Harvey claim and Defendants, Rockhill's and Underwriters of Lloyd's failure to look for coverage. Specifically, Defendants, Rockhill and Underwriters of Lloyd's are guilty of the following unfair insurance practices:

- A.) Engaging in false, misleading and deceptive acts or practices in the business of insurance in this case;
- B.) Engaging in unfair claims settlement practices;
- C.) Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;
- D.) Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim on which Defendants, Rockhill's and Underwriters of Lloyd's liability has become reasonably clear;
- E.) Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;
- F.) Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim, and
- G.) Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise or settlement.

Defendants, Rockhill and Underwriters of Lloyd's have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. All of the above described acts, omissions and failures of Defendants Rockhill and Underwriters of Lloyd's are a producing cause of Plaintiff's damages that are described in this petition.

### E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff incorporated all the allegations of the preceding paragraphs for this cause of action. By their acts, omissions, failures and conduct, Defendants, Rockhill and Underwriters of Lloyd's have breached their common law duty of good faith and fair dealing by denying and low-balling portions of Plaintiff's claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for their partial denial and low-balling. Defendants, Rockhill and Underwriters of Lloyd's have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's claims because Defendants, Rockhill and Underwriters of Lloyd's knew or should have known that it was reasonably clear that the claim was covered. Defendant's, Rockhill's and Underwriters of Lloyd's acts, omissions, failures and conduct proximately caused Plaintiff's damages.

## VII.

## DAMAGES

The facts contained in the foregoing paragraphs are incorporated herein by reference. The above described acts, omissions, failures and conduct of Defendants Rockhill and Underwriters of Lloyd's have caused Plaintiff's damages which include, without limitation, the cost to properly repair Plaintiff's property, reasonable and necessary investigative and engineering fees incurred during the claims process, attorney's fees, Court costs, additional

damages, pre-judgment interest, post-judgment interest and consequential damages. Plaintiff is also entitled to recover the amount of its claim plus eighteen percent per annum on that claim against Defendants Rockhill and Underwriters of Lloyd's as damages under Section 542.060 of the Texas Insurance Code. All damages described in this petition are within the jurisdictional limits of the Court.

## VIII.
## ADDITIONAL DAMAGES

The facts contained in the foregoing paragraphs are incorporated herein by reference. Defendants Rockhill and Underwriters of Lloyd's and their agents, servants or employees also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statues. Because of Defendants', Rockhill's and Underwriters of Lloyd's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50 (b) (1) of the DTPA and by Chapter 541 of the Texas Insurance Code.

## IX.

### Exemplary Damages

Defendants', Rockhill's and Underwriters of Lloyd's breach of their duty of good faith and fair dealing owed to Plaintiff was done intentionally and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants, Rockhill and Underwriters of Lloyd's are the type of conduct that the State of Texas protects it citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to

punish Defendants, Rockhill and Underwriters of Lloyd's for its wrongful conduct and to set an example to deter these Defendants and others similarly situated from committing similar acts in the future.

## X.

## ATTORNEYS' FEES

Because of Defendants', Rockhill's and Underwriters of Lloyd's, conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable and necessary attorneys' fees and expenses through trial and appeal. Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE sections 38.001- 38.003 and pursuant to Chapters 541 and 542 of the Texas Insurance Code and Section 17.50 of the DTPA.

## XI.
## REQUEST FOR DISCLOSURES

Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

## XII.
## JURY DEMAND

Plaintiff demands a jury trial and tender the appropriate fee with this petition.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays, moves and respectfully requests this Honorable Court that Defendants Rockhill and Underwriters of Lloyd's, be cited to appear and answer and for recovery of the following relief: that, upon final hearing

and jury trial thereof, this Honorable Court grant to the Plaintiff such relief as to which Plaintiff may show itself justly entitled in this case, either at law or in equity, either general or special from and against Defendants Rockhill and Underwriters of Lloyd's, for all actual, statutory, additional, exemplary and common law damages, including consequential damages and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,
FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio Texas 78232
Telephone: (210) 910.4501
Telecopier: (210) 481.4576

By: _/s/Thomas M. Furlow_
THOMAS M. FURLOW
State Bar No. 00784093
Email: tfurlow@furlowlawfirm.com
THOMAS HERNANDEZ
State Bar No. 09516400
Email: thernandez@furlowlawfirm.com

ATTORNEYS FOR PLAINTIFF



U.S. POSTAGE >> PITNEY BOWES

ZIP 78412 $ 007.60⁰
02 4W
0000346919 SEP. 25 2019

CERTIFIED MAIL®

7019 0700 0000 8372 5227

ANNE LORENTZEN
NUECES COUNTY DISTRICT CLERK
P.O. BOX 2987
CORPUS CHRISTI, TX 78403

THIS ENVELOPE CONTAINS
*IMPORTANT*
LEGAL INSTRUMENTS FOR YOUR SAFEKEEPING

Rockhill Insurance Company
General Counsel of Rockhill Insurance
Company
700 W. 47th Street, Ste. 350
Kansas City, Missouri 64112